UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRY MCMILLIAN                                                PLAINTIFFS

V.                                          CIVIL NO. 3:22-CV-161-KHJ-MTP

22nd CENTURY TECHNOLOGIES, INC.                                 DEFENDANT

ORDER

Before the Court is Plaintiff Terry McMillian's [7] Motion for Default

Judgment and Defendant 22nd Century Technologies, Inc.'s ("Century") [8] Motion

to Set Aside Default. For the following reasons, the Court grants Century's motion

[8] and denies McMillian's motion [7].

I.      Background

McMillian sued Century to recover damages for alleged sex discrimination in

violation of Title VII of the Civil Rights Act of 1964. Compl. [1], ¶ 1. McMillian

alleges she applied for a clerk position at E-Talent Network on January 2, 2020. *Id.*

¶ 6. Talent Acquisition Specialist Arjun Raina's email response contained the job

description and a statement that the Network was "looking for middle-aged male."

*Id.* ¶ 8. Despite that requirement, McMillian told Raina she was interested. *Id.* ¶ 9.

Raina called to offer McMillian the job later that day. *Id.* ¶ 10. McMillian

informed Raina over the phone that she was female because people often mistook

her for a male over the phone. *Id.* ¶ 11. Raina immediately told McMillian she did

not qualify for the position and hung up the phone. *Id.* ¶ 12.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 13, 2020. *Id.* ¶ 4. The EEOC issued a right to sue letter, and McMillian filed this action within the required ninety days. *Id.* ¶ 4; [1-1]. Century failed to answer or otherwise respond to McMillian's Complaint. McMillian moved for entry of default [4], and the Clerk of Court entered default on May 12, 2022. [5]. Neither party acted for nearly three months.

On August 9, 2022, the Court entered an Order to Show Cause for McMillian's failure to prosecute the action. Order [6]. McMillian filed her [7] Motion for Default Judgment two days later. Century's Vice President for Compliance, Carolina Rist, notified the Clerk of Court on August 24 that Century never received the summons for this case, and it would file a motion soon. Three weeks later, Century filed this [8] Motion to Set Aside Entry of Default.

II.     Standard

The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Whether good cause exists turns on equitable principles, and the Court considers three factors: "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice [the plaintiff]; and (3) whether [the defendant] presented a meritorious defense." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). That list is not exhaustive. The Court may also consider other factors, such as whether the defendant "acted expeditiously to correct the default." *Id.*

"The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018). But courts generally interpret the good-cause requirement liberally. *Jackson v. Clearwater Sols.', LLC*, No. 1:20-CV-360, 2021 WL 1925497, at *1 (S.D. Miss. Mar. 24, 2021) (citing *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)). The law generally disfavors default judgments, and the Court should resolve any doubt "to the end of securing a trial upon the merits." *Watson v. Claiborne Cnty. Sch. Dist. of Claiborne Cnty, Miss.*, No. 5:19-CV-69, 2020 WL 1493466, at *2 (S.D. Miss. Mar. 27, 2020) (quoting *Effjohn*, 346 F.3d at 563).

III.    Analysis

Century asks the Court to set aside the default entry because good cause exists. McMillian suggests the opposite and asks the Court to enter default judgment. The Court addresses each good-cause factor in turn.

A.  Willful Default

Century argues its default was not willful because it never received the Summons for this case. McMillian argues Century lacks proof that it did not receive the Summons and "default appears to [be] willful." Pl.'s Resp. [14], ¶ 14.

Default is only "willful" if the defendant "intentional[ly] fail[s] to respond to litigation." *Jackson v. Siegel Grp. LLC*, No. 1:20-CV-355, 2022 WL 1056149, at *3 (S.D. Miss. Feb. 25, 2022) (quoting *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008)). The Court has discretion to determine that factual finding. *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (citation omitted)

3

(reviewing for clear error). A defendant does not willfully default when it fails to respond due to a service of process issue. *See id.* (collecting cases). For example, a defendant did not willfully default when it declined to waive service of process and never received the formal summons. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)). Another did not willfully default when he received the summons but did not contact an attorney because the summons incorrectly named another company. *Koerner*, 910 F.3d at 225 (noting negligence was "unwise" but did not constitute willful).

Century was unaware of McMillian's action until it received the Motion for Default Judgment. [8] at 2. It attributes its failure to receive prior notifications about the action to a technical or clerical problem in its email notification system. *Id.* at 1-3. Century accordingly failed to respond because of a "clerical mishap" rather than intentionally avoiding this litigation. *See Watson*, 2020 WL 1493466, at *2. The willfulness factor favors setting aside default.

B.  Prejudice

Century next argues McMillian does not attempt to show prejudice, and the only prejudice she could show is the burden to prove her claim on the merits. Her only stated grounds for unwillingness to set aside the default is that her counsel "had to go through the trouble of . . . filing a Motion for Default Judgment." [14] at 4.

Setting aside default judgment only prejudices a plaintiff when it will result in lost evidence, more difficult discovery, or increased opportunities for fraud and

collusion. *Scott v. Carpanzano*, 556 F. App'x 288, 298 (5th Cir. 2014) (per curiam) (quoting *Lacy*, 227 F.3d at 293). The plaintiff's burden to prove his case or suffer delay in recovery is not prejudice. *See id.*

McMillian alleges nothing related to prejudice. She does not argue she will lose evidence or discovery will be more difficult if the Court sets aside Century's default. She argues only that she is "not willing to just set [default] aside." [14], ¶ 17. At most, setting aside default will require her to prove her case on the merits and possibly suffer delayed recovery if she succeeds. But that "mere delay" does not show prejudice, and she offers nothing more. *See Lacy*, 227 F.3d at 293 (finding no prejudice where plaintiff did not show it). The prejudice factor also favors setting aside default.

C.  Meritorious Defense

Century argues it can disprove McMillian's allegations against it. McMillian argues Century does not sufficiently explain its defense.

A defendant must "present a meritorious defense sufficient to support a finding on the merits." *Scott*, 556 F. App'x at 296 (quoting *Lacy*, 227 F.3d at 293). "[D]efinite factual allegations [rather than] mere legal conclusions" must support the defense. *Id.* (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)).

Century alleges multiple facts to suggest McMillian sued the wrong defendant. It alleges it has never: (1) done business as or shared ownership with E-Talent Network; (2) employed anyone named Arjun Raina; (3) received a job

application from McMillian; or (4) spoken to McMillian. Century effectively denies the central allegations of the Complaint and raises a "possibility that given the opportunity, [it] may successfully defend the suit." *See DirecTV, Inc. v. Leidigh*, No. 1:04-CV-548, 2005 WL 8170125, at *2 (S.D. Miss. July 7, 2005) (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). The meritorious defense factor favors setting aside default.

   D.  Other Factors

   The only other factor the parties argue is whether Century acted expeditiously. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d at 594. Century argues it moved quickly to cure its default because it contacted McMillian's counsel the day it learned of the lawsuit, entered an appearance, and moved to set aside default within three weeks. McMillian argues three weeks is not expeditious.

   What the law considers "expeditious" is unclear. But Century's Vice President for Compliance immediately contacted McMillian's counsel the same day Century learned of the lawsuit. [8-1]. It also notified the Court of its failure to receive the summons and intent to respond. [8-1]. It then filed this Motion to Set Aside Default within three weeks. And McMillian only responds with disagreement that three weeks is expeditious, citing no authority to support that assertion.

   The Court has no reason to find Century did not timely act. And either way, all other factors favor setting aside default. The Court accordingly sets aside default judgment and allows the case to proceed on the merits.

IV.    Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the stated reasons, the Court DENIES Plaintiff Terry McMillian's [7] Motion for Default Judgment and GRANTS Defendant 22nd Century Technologies, Inc.'s [8] Motion to Set Aside Default.

The Court orders Defendant 22nd Century Technologies, Inc. to answer the Complaint [1] within seven days of this Order's date.

SO ORDERED, this the 24th day of October, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE